FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

2009 JAN 26  A 9 03

| | |
|---|---|
| WIAV SOLUTIONS LLC, a Virginia Limited Liability Company, | ) ) ) |
| Plaintiff; and | ) ) ) |
| MINDSPEED TECHNOLOGIES, INC., a Delaware company, | ) ) ) |
| Plaintiff Patent Owner; | ) ) |
| v. | ) ) ) |
| RESEARCH IN MOTION, LTD., a Canadian company, and | ) ) ) |
| RESEARCH IN MOTION CORP., a Delaware company, | ) ) ) ) |
| Defendants. | ) ) ) |

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

C.A. NO. 3:09 CV 47

JURY TRIAL DEMANDED

## COMPLAINT

1.    Plaintiffs WiAV Solutions LLC ("WiAV") and Mindspeed Technologies, Inc. ("Mindspeed" or "Plaintiff Patent Owner"), by and through their respective attorneys, hereby demand a jury trial and complain of Defendants Research in Motion, Ltd., and Research in Motion Corp. (collectively "RIM" or "Defendants") as set forth below.

## NATURE OF THE ACTION

2.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.* to enjoin and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or

systems that infringe one or more claims of United States Patent No. 6,256,606 ("the '606 Patent"), entitled "Silence description coding for multi-rate speech codecs," United States Patent No. 7,120,578 ("the '578 Patent"), entitled "Silence description coding for multi-rate speech codecs," United States Patent No. 6,275,794 ("the '794 Patent"), entitled "System for detecting voice activity and background noise/silence in a speech signal using pitch and signal to noise ratio information," United States Patent No. 6,507,814 ("the '814 Patent"), entitled "Pitch determination using speech classification and prior pitch estimation," United States Patent No. 7,266,493 ("the '493 Patent"), entitled "Pitch determination based on weighting of pitch lag candidates," United States Patent No. 6,633,841 ("the '841 Patent"), entitled "Voice activity detection speech coding to accommodate music signals," United States Patent No. 6,104,992 ("the '992 Patent"), entitled "Adaptive gain reduction to produce fixed codebook target signal," United States Patent No. 6,385,573 ("the '573 Patent"), entitled "Adaptive tilt compensation for synthesized speech residual," United States Patent No. 6,539,205 ("the '205 Patent"), entitled "Traffic channel quality estimation from a digital control channel," and United States Patent No. 6,680,920 ("the '920 Patent"), entitled "Power management system for a mobile station" (collectively the "Patents-in-Suit"). WiAV seeks injunctive relief to prevent Defendants from continuing to infringe the Patents-in-Suit. In addition, WiAV seeks a recovery of monetary damages resulting from Defendants' past infringement of these patents.

3.     This action for patent infringement involves Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that operate using Global System for Mobile

("GSM") communications and/or using Wideband Code Division Multiple Access ("W-CDMA") communications and/or that utilize one or more Adaptive Multi-Rate ("AMR") voice characterization and/or compression codecs.

## THE PARTIES

4.     Plaintiff WiAV is a limited liability company organized under the laws of Virginia with its principal place of business at 8133 Leesburg Pike, Suite 640, Vienna, VA 22182 in the judicial district of the Eastern District of Virginia.

5.     Plaintiff WiAV is the lawful assignee of all right, title and interest in and to the '205 Patent and the '920 Patent.

6.     Plaintiff Patent Owner Mindspeed is a Delaware corporation with its principal place of business at 4000 MacArthur Blvd., East Tower, Newport Beach, CA 92660.

7.     Mindspeed is the lawful assignee of all right, title and interest in and to the '606 Patent, the '578 Patent, the '794 Patent, the '814 Patent, the '493 Patent, the '841 Patent, the '992 Patent, and the '573 Patent.  Following a January 6, 2009, teleconference with the Court regarding prior-filed case Civil Action No. 3:08-cv-627, in which Mindspeed was a named defendant, Mindspeed stipulated to be realigned as a nominal plaintiff in this action.

8.     Plaintiff WiAV is an exclusive licensee with a right of enforcement in a specified field of use under the '606 Patent, the '578 Patent, the '794 Patent, the '814 Patent, the '493 Patent, the '841 Patent, the '992 Patent, and the '573 Patent.  Pursuant to WiAV's license, WiAV has the right to bring suit for infringement of the '606 Patent, the

'578 Patent, the '794 Patent, the '814 Patent, the '493 Patent, the '841 Patent, the '992 Patent, and the '573 Patent in the specified field of use.

9.      Defendant Research in Motion, Ltd. ("RIM") is an Ontario, Canada corporation with its principal offices at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8. RIM makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe the Patents-In-Suit. The infringing products and services include, without limitation, products that operate according to the GSM standard and/or the W-CDMA standard and/or use AMR encoding and/or decoding, such as, by way of example, the BlackBerry Curve 8300, BlackBerry Curve 8310, BlackBerry Curve 8320, BlackBerry Pearl 8100, BlackBerry Pearl 8110, BlackBerry Pearl 8120, BlackBerry 8800, BlackBerry 8820, BlackBerry 8830, BlackBerry 8700c, BlackBerry 8700g, BlackBerry 8700r, BlackBerry 8705g, BlackBerry 8707g, BlackBerry 7130c, BlackBerry 7130g, BlackBerry 7100g, BlackBerry 7290, BlackBerry 7780, BlackBerry 7730, BlackBerry 7280, BlackBerry 7230, BlackBerry 7210, BlackBerry 7100t, BlackBerry 6710, BlackBerry 6280, BlackBerry 6230, BlackBerry 6210, and BlackBerry 5810, and/or other RIM communication devices that are capable of wireless communication of real-time voice and communicate directly to equipment normally sold to wireless wide area network service providers, including base stations, base station controllers, and mobile switching center gateways.

10.     Defendant Research in Motion Corp. ("RIM Corp.") is a corporation organized under the laws of the state of Delaware, with its principal place of business at 122 West John Carpenter Parkway, Irving, TX 75039. RIM Corp. makes, uses, sells, offers for sale and/or imports in the United States certain products that infringe the

Patents-In-Suit. The infringing products and services include, without limitation, products that operate according to the GSM standard and/or the W-CDMA standard and/or use AMR encoding and/or decoding, such as, by way of example, the BlackBerry Curve 8300, BlackBerry Curve 8310, BlackBerry Curve 8320, BlackBerry Pearl 8100, BlackBerry Pearl 8110, BlackBerry Pearl 8120, BlackBerry 8800, BlackBerry 8820, BlackBerry 8830, BlackBerry 8700c, BlackBerry 8700g, BlackBerry 8700r, BlackBerry 8705g, BlackBerry 8707g, BlackBerry 7130c, BlackBerry 7130g, BlackBerry 7100g, BlackBerry 7290, BlackBerry 7780, BlackBerry 7730, BlackBerry 7280, BlackBerry 7230, BlackBerry 7210, BlackBerry 7100t, BlackBerry 6710, BlackBerry 6280, BlackBerry 6230, BlackBerry 6210, and BlackBerry 5810, and/or other RIM Corp. communication devices that are capable of wireless communication of real-time voice and communicate directly to equipment normally sold to wireless wide area network service providers, including base stations, base station controllers, and mobile switching center gateways.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.     Defendants are subject to personal jurisdiction in the Commonwealth of Virginia because they regularly transact business in this judicial district and division by, among other things, offering their products and services to customers, business affiliates and partners located in this judicial district and division. In addition, the Defendants have committed acts of direct infringement, contributory infringement, and/or inducement of infringement, of one or more of the claims of one or more of the Patents-In-Suit in this

judicial district and division.

13.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the Defendants are subject to personal jurisdiction in this district, and have committed acts of infringement in this district.

## FACTUAL BACKGROUND

14.    The Patents-In-Suit are directed to various aspects of encoding and decoding of signals and signal transmission.

15.    The first patent in suit, the '606 Patent, was duly and legally issued on July 3, 2001.

16.    The second patent in suit, the '578 Patent, was duly and legally issued on October 10, 2006.

17.    The third patent in suit, the '794 Patent, was duly and legally issued on August 14, 2001.

18.    The fourth patent in suit, the '814 Patent, was duly and legally issued on January 14, 2003.

19.    The fifth patent in suit, the '493 Patent, was duly and legally issued on September 4, 2007.

20.    The sixth patent in suit, the '841 Patent, was duly and legally issued on October 14, 2003.

21.    The seventh patent in suit, the '992 Patent, was duly and legally issued on August 15, 2000.

22.     The eighth patent in suit, the '573 Patent, was duly and legally issued on May 7, 2002.

23.     The ninth patent in suit, the '205 Patent, was duly and legally issued on March 25, 2003.

24.     The tenth patent in suit, the '920 Patent, was duly and legally issued on January 20, 2004.

**Defendants' Products and Processes Infringe The Patents-In-Suit**

25.     Defendants market, make, use, sell, offer for sale and/or import products and services that directly infringe, contributorily infringe and/or induce others to infringe, or are used to practice processes that infringe, one or more claims of the Patents-In-Suit. The Defendants' infringing products and services include, without limitation, products that operate according to the GSM standard and/or the W-CDMA standard and/or use AMR encoding and/or decoding.

**WiAV Has Been Irreparably Harmed**
**by Defendants' Continued Infringement**

26.     WiAV has been irreparably harmed by Defendants' infringement of its valuable patent rights. Moreover, Defendants' unauthorized, infringing use of systems and methods covered by the Patents-in-Suit has threatened the value of this intellectual property because Defendants' conduct results in WiAV's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

27.     Defendants' disregard for WiAV's property rights similarly threatens WiAV's relationships with potential licensees of this intellectual property. Defendants

will derive a competitive advantage over any of WiAV's future licensees from using WiAV's patented technology without paying compensation for such use. Accordingly, unless and until Defendants' continued acts of infringement are enjoined, WiAV will suffer further irreparable harm for which there is no adequate remedy at law.

## COUNT I

### (Infringement of United States Patent No. 6,256,606)

28.     Paragraphs 1 through 27 are incorporated by reference as if fully restated herein.

29.     Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '606 Patent. WiAV is an exclusive licensee in a field of use under the '606 Patent. The '606 Patent is attached as Exhibit 1 hereto.

30.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '606 Patent.

31.     Defendants have been and continue infringing one or more of the claims of the '606 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

32.     WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT II

### (Willful Patent Infringement of United States Patent No. 6,256,606)

33.     Paragraphs 1 through 32 are incorporated by reference as if fully restated herein.

34.     Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '606 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, WiAV is without adequate remedy at law. WiAV is entitled to recover damages adequate to compensate for the infringement of the '606 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III

### (Infringement of United States Patent No. 7,120,578)

35.     Paragraphs 1 through 34 are incorporated by reference as if fully restated herein.

36.     Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '578 Patent. WiAV is an exclusive licensee in a field of use under the '578 Patent. The '578 Patent is attached as Exhibit 2 hereto.

37.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '578 Patent.

38.     Defendants have been and continue infringing one or more of the claims of the '578 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

39.     WiAV is entitled to recover damages adequate to compensate for the infringement.

### COUNT IV

**(Willful Patent Infringement of United States Patent No. 7,120,578)**

40.     Paragraphs 1 through 39 are incorporated by reference as if fully restated herein.

41.     Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '578 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, WiAV is without adequate remedy at law. WiAV is entitled to recover damages adequate to compensate for the infringement of the '578 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT V

**(Infringement of United States Patent No. 6,275,794)**

42.     Paragraphs 1 through 41 are incorporated by reference as if fully restated herein.

43.     Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '794 Patent. WiAV is an exclusive licensee in a field of use under the '794 Patent. The '794 Patent is attached as Exhibit 3 hereto.

44.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '794 Patent.

45.     Defendants have been and continue infringing one or more of the claims of the '794 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

46.     WiAV is entitled to recover damages adequate to compensate for the infringement.

**COUNT VI**

**(Willful Patent Infringement of United States Patent No. 6,275,794)**

47.     Paragraphs 1 through 46 are incorporated by reference as if fully restated herein.

48.     Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '794 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, WiAV is without adequate remedy at law. WiAV is entitled to recover damages adequate to

-11-

compensate for the infringement of the '794 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VII

### (Infringement of United States Patent No. 6,507,814)

49.     Paragraphs 1 through 48 are incorporated by reference as if fully restated herein.

50.     Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '814 Patent. WiAV is an exclusive licensee in a field of use under the '814 Patent. The '814 Patent is attached as Exhibit 4 hereto.

51.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '814 Patent.

52.     Defendants have been and continue infringing one or more of the claims of the '814 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

53.     WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT VIII

### (Willful Patent Infringement of United States Patent No. 6,507,814)

54. Paragraphs 1 through 53 are incorporated by reference as if fully restated herein.

55. Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '814 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, WiAV is without adequate remedy at law. WiAV is entitled to recover damages adequate to compensate for the infringement of the '814 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IX

### (Infringement of United States Patent No. 7,266,493)

56. Paragraphs 1 through 55 are incorporated by reference as if fully restated herein.

57. Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '493 Patent. WiAV is an exclusive licensee in a field of use under the '493 Patent. The '493 Patent is attached as Exhibit 5 hereto.

58. Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make

use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '493 Patent.

59.    Defendants have been and continue infringing one or more of the claims of the '493 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

60.    WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT X

### (Willful Patent Infringement of United States Patent No. 7,266,493)

61.    Paragraphs 1 through 60 are incorporated by reference as if fully restated herein.

62.    Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '493 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, WiAV is without adequate remedy at law. WiAV is entitled to recover damages adequate to compensate for the infringement of the '493 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XI

### (Infringement of United States Patent No. 6,633,841)

63.     Paragraphs 1 through 62 are incorporated by reference as if fully restated herein.

64.     Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '841 Patent.  WiAV is an exclusive licensee in a field of use under the '841 Patent.  The '841 Patent is attached as Exhibit 6 hereto.

65.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '841 Patent.

66.     Defendants have been and continue infringing one or more of the claims of the '841 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

67.     WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT XII

### (Willful Patent Infringement of United States Patent No. 6,633,841)

68.     Paragraphs 1 through 67 are incorporated by reference as if fully restated herein.

69.     Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '841 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, WiAV is without adequate remedy at law.  WiAV is entitled to recover damages adequate to compensate for the infringement of the '841 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XIII

### (Infringement of United States Patent No. 6,104,992)

70.     Paragraphs 1 through 69 are incorporated by reference as if fully restated herein.

71.     Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '992 Patent.  WiAV is an exclusive licensee in a field of use under the '992 Patent.  The '992 Patent is attached as Exhibit 7 hereto.

72.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '992 Patent.

73.     Defendants have been and continue infringing one or more of the claims of the '992 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused WiAV to suffer irreparable harm

resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

74.     WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT XIV

### (Willful Patent Infringement of United States Patent No. 6,104,992)

75.     Paragraphs 1 through 74 are incorporated by reference as if fully restated herein.

76.     Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '992 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue.  Therefore, WiAV is without adequate remedy at law.  WiAV is entitled to recover damages adequate to compensate for the infringement of the '992 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XV

### (Infringement of United States Patent No. 6,385,573)

77.     Paragraphs 1 through 76 are incorporated by reference as if fully restated herein.

78.     Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '573 Patent.  WiAV is an exclusive licensee in a field of use under the '573 Patent.  The '573 Patent is attached as Exhibit 8 hereto.

-17-

79.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '573 Patent.

80.     Defendants have been and continue infringing one or more of the claims of the '573 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

81.     WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT XVI

### (Willful Patent Infringement of United States Patent No. 6,385,573)

82.     Paragraphs 1 through 81 are incorporated by reference as if fully restated herein.

83.     Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '573 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, WiAV is without adequate remedy at law. WiAV is entitled to recover damages adequate to compensate for the infringement of the '573 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

-18-

## COUNT XVII

### (Infringement of United States Patent No. 6,539,205)

84.     Paragraphs 1 through 83 are incorporated by reference as if fully restated herein.

85.     WiAV is the assignee and lawful owner of all right, title and interest in and to the '205 Patent.  The '205 Patent is attached as Exhibit 9 hereto.

86.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '205 Patent.

87.     Defendants have been and continue infringing one or more of the claims of the '205 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

88.     WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT XVIII

### (Willful Patent Infringement of United States Patent No. 6,539,205)

89.     Paragraphs 1 through 88 are incorporated by reference as if fully restated herein.

90.     Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '205 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, WiAV is without adequate remedy at law. WiAV is entitled to recover damages adequate to compensate for the infringement of the '205 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XIX

### (Infringement of United States Patent No. 6,680,920)

91.     Paragraphs 1 through 90 are incorporated by reference as if fully restated herein.

92.     WiAV is the assignee and lawful owner of all right, title and interest in and to the '920 Patent. The '920 Patent is attached as Exhibit 10 hereto.

93.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '920 Patent.

94.     Defendants have been and continue infringing one or more of the claims of the '920 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused WiAV to suffer irreparable harm

resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

95.     WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT XX

### (Willful Patent Infringement of United States Patent No. 6,680,920)

96.     Paragraphs 1 through 95 are incorporated by reference as if fully restated herein.

97.     Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '920 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, WiAV is without adequate remedy at law. WiAV is entitled to recover damages adequate to compensate for the infringement of the '920 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, WiAV prays for judgment against Defendants, granting WiAV the following relief:

A.     That this Court adjudge and decree that Defendants have infringed, directly and/or indirectly, the '606 Patent, the '578 Patent, the '794 Patent, the '814 Patent, the '493 Patent, the '841 Patent, the '992 Patent, the '573 Patent, the '205 Patent, and the '920 Patent;

B.     That this Court permanently enjoin Defendants, and their parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons within their control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the Patents-In-Suit, or otherwise engaging in acts of infringement of the Patents-In-Suit, all as alleged herein;

C.     That this Court order an accounting to determine the damages to be awarded to WiAV as a result of Defendants' infringement;

D.     That this Court order an accounting to determine the damages to be awarded to WiAV as a result of Defendants' infringement following the period of damages established by WiAV at trial;

E.     That this Court, pursuant to 35 U.S.C. § 284, enter an award to WiAV of such damages as it shall prove at trial against Defendants that are adequate to compensate WiAV for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

F.     That this Court find that Defendants' infringement is willful and enter an award of enhanced damages up to three times the amount of actual damages pursuant to 35 U.S.C. § 284;

G.     That this Court assess pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

H.      That this Court declare this case to be exceptional and direct Defendants to pay WiAV's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

I.      Grant to WiAV such other, further, and different relief as may be just and proper.

## JURY DEMAND

WiAV demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to FED. R. CIV. P. 38.

Respectfully submitted,

Maya M. Eckstein (VSB # 41413
**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
(T) (804) 788-8788
(F) (804) 788-8218

Gregory N. Stillman (VSB # 14308)
**HUNTON & WILLIAMS LLP**
500 East Main Street, Suite 1000
Norfolk, Virginia 23510-3889
(T) (757) 640-5300
(F) (757) 625-7720

Daniel S. Carlineo
**CARLINEO MARKUS LLP**
1101 Pennsylvania Avenue, N.W.
6th Floor
Washington, DC 20004
(T) (202) 756-2287
(F) (202) 745-7323

Brian M. Buroker (VSB # 39581)
Yisun Song (VSB # 45881)
**HUNTON & WILLIAMS LLP**
1900 K Street, N.W.
Washington, DC 20006
(T) (202) 955-1500
(F) (202) 778-2201

Ronald James Schutz
David Paul Swenson
Jacob Matthew Anthony Holdreith
Sang Young Adam Brodie
**Robins, Kaplan, Miller & Ciresi L.L.P.**
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
(T) (612) 349-8500
(F) (612) 339-4181

*Attorneys for Plaintiff WiAV Solutions LLC*

Stephen E. Noona
VSB No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
(T) (757) 624-3000
(F) (757) 624-3169
senoona@kaufcan.com

Christopher J. Mugel
VSB No. 26073
KAUFMAN & CANOLES, P.C.
Three James Center
1051 East Cary Street, 12th Floor
Richmond, VA 23219
(T) (804) 771-5700
(F) (804) 771-5777
cjmugel@kaufcan.com

Joseph E. Thomas (CSB No. 101443)
Michael I. Katz (CSB No. 181728)
William J. Kolegraff (CSB No. 183861)
THOMAS WHITELAW & TYLER
10801 Von Karman Ave., Suite 230
Irvine, CA 92612-2445
(T) (949) 679-6400
(F) (949) 679-6405
jthomas@twtlaw.com
mkatz@twtlaw.com
bkolegraff@twtlaw.com

*Attorneys for Plaintiff Patent Owner Mindspeed Technologies, Inc.*

Dated:  January 26, 2009

**ADDENDUM TO**
**CIVIL ACTION COVER SHEET**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| WIAV SOLUTIONS LLC, <br> a Virginia Limited Liability Company, <br><br> Plaintiff; and <br><br> MINDSPEED TECHNOLOGIES, INC., <br> a Delaware company, <br><br> Plaintiff Patent Owner; <br><br> v. <br><br> RESEARCH IN MOTION, LTD., <br> a Canadian company, and <br><br> RESEARCH IN MOTION CORP., <br> a Delaware company, <br><br> Defendants. | ) <br> ) <br> ) <br> )   C.A. NO. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ATTORNEYS FOR PLAINTIFF WiAV SOLLUTIONS LLC:**

Brian M. Buroker (VSB #39581)
Yisun Song (VSB #45881)
**HUNTON & WILLIAMS LLP**
1900 K Street, N.W.
Washington, D.C. 20006-1109
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Gregory N. Stillman (VSB #14308)
**HUNTON & WILLIAMS LLP**
500 East Main Street, Suite 1000
Norfolk, VA 23510
Telephone: (757) 640-5300
Facsimile: (757) 625-7720

Maya M. Eckstein (VSB #41413)
**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
Telephone: (804) 788-8878
Facsimile: (804) 343-4630

Daniel S. Carlineo
CARLINEO MARKUS LLP
1101 Pennsylvania Avenue, N.W.
6th Floor
Washington, DC 20004
Telephone: (202) 756-2287
Facsimile: (202) 745-7323

Ronald James Schutz
David Paul Swenson
Jacob Matthew Anthony Holdreith
Sang Young Adam Brodie
Robins Kaplan Miller & Ciresi LLP
800 LaSalle Avenue
Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8517
Facsimile: (612) 339-4181

**ATTORNEYS FOR PLAINTIFF MINDSPEED TECHNOLOGIES, INC.:**

Stephen E. Noona
VSB No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
(T) (757) 624-3000
(F) (757) 624-3169

Christopher J. Mugel
VSB No. 26073
KAUFMAN & CANOLES, P.C.
Three James Center
1051 East Cary Street, 12th Floor
Richmond, VA 23219
(T) (804) 771-5700
(F) (804) 771-5777

Joseph E. Thomas (CSB No. 101443)
Michael I. Katz (CSB No. 181728)
William J. Kolegraff (CSB No. 183861)
THOMAS WHITELAW & TYLER
10801 Von Karman Ave., Suite 230
Irvine, CA 92612-2445
(T) (949) 679-6400
(F) (949) 679-6405

AO 458 (Rev. 10/95)  Appearance

# UNITED STATES DISTRICT COURT

EASTERN                          DISTRICT OF                  VIRGINIA

WiAV Solutions LLC and
Mindspeed Technologies, Inc.

v.

Research in Motion, LTD, and
Research in Motion Corp.

**APPEARANCE**

Case Number: 3:09 CV 47

To the Clerk of this court and all parties of record:

Enter my appearance as counsel in this case for

WiAV Solutions LLC

I certify that I am admitted to practice in this court.

January 26, 2009
_____
Date

_____
Signature

Maya M. Eckstein (VSB #41413)
Print Name                          Bar Number
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower, 951 E. Byrd St.
Address
Richmond, VA   23219

City            State           Zip Code

(804) 788-8788          (804) 343-4630
Phone Number            Fax Number